*533
 
 PONDER, Justice.
 

 The plaintiff, Toye Brothers Yellow Cab Company, a partnership, engaged in the business of operating taxi cabs on the streets of the City of New Orleans, brought, this suit against the Commission Council of the City of New Orleans and the Cooperative Cab Company Inc., seeking to enjoin the City from issuing-permits to the Cooperative Cab Company, Inc., to operate taxi cabs and to annul and cancel the permits under which the Cooperative Cab Company, Inc., is now operating.
 

 The petition for an injunction is predicated on the grounds: (1) That Ordinance 14,856 of the Commission Council Series, amending Ordinance 13,825 C.C.S., under which permits were issued to the Cooperative Cab Company, Inc., is violative of the Constitution; (2) That the City issued permits to the Cooperative Cab Company, Inc., without requiring it to comply with the provisions of Ordinance 13,-825 C.C.S., as amended, and the laws regulating trading corporations and/or insurance companies.
 

 The plaintiff alleges that the illegal operation of taxi cabs by the Cooperative Cab Company, Inc., is causing it irreparable injury by subjecting the plaintiff to illegal and unfair competition, and that it has no adequate remedy at law.
 

 The defendants, in their answer, deny that the ordinance complained of is unconstitutional ; deny that the ordinance and laws of the State were not complied with in the issuance of the permits; and deny that the Cooperative Cab Company, Inc., is engaging in the insurance business.
 

 The defendants interposed an exception of no cause of action.
 

 The plaintiff attacks the constitutionality of Ordinance 14,856 C.C.S. on various grounds by special plea.
 

 Ordinance 13,825 C.C.S., adopted December 30, 1932, Section 3 provides:
 

 “All persons, firms, or corporations applying for a permit to operate, under the same ownership, more than one public motor vehicle, must file an indemnity bond, or deposit with the City, cash or United States bonds or bonds of the City of New Orleans, in an equal amount of the bond required by such person or persons, firm or corporation, covering all such motor vehicles in amounts as follows:
 

 “One only, $11,000;
 

 “Two to five inclusive, $11,000, plus $750 for every vehicle over one;
 

 “Six to ten inclusive, $14,000.00 plus $500, for each vehicle over five;
 

 “Eleven to twenty-five inclusive, $16,-500, plus $200 for each vehicle over fifteen;
 

 “Twenty-six and over, $20,000, the maximum required.”
 

 The plaintiff applied for and secured a permit to operate taxi cabs, posting bond in the amount of $20,000, under Ordinance 13,825 C.C.S. Subsequently, on February 14, 1939, the Commission Council amended the Ordinance by the adoption of Ordi
 
 *534
 
 nance 14,856 and by adding the following provision:
 

 “Whenever any person or persons, firms or corporations jointly apply for a permit to operate twenty-six or more cabs, they may jointly deposit a cash bond of $20,-000.00; provided that such person or persons,' firms or corporations when making such joint application may, before commencing business, deposit not less than $5,000.00, provided thereafter on the first day of every successive month they deposit:
 

 “$250.00 a month for not more than 100 cabs;
 

 “$500.00 a month for not more than 150 cabs;
 

 “$1,000.00 a month for more than 151 cabs, until the maximum of $20,000.00 is reached and maintained.”
 

 A number of independent cab owners in the City of New Orleans organized the Cooperative Cab Company, Inc., defendant herein, for the purpose of obtaining the benefits of this Ordinance, 14,856 C.C.S. The Cooperative Cab Company, Inc. applied for and secured permits under the provisions of the amendment to the Ordinance, and made the required deposit of $5,000. It appears that two men who were not cab owners obtained and continued complete control of the Cooperative Cab Company, Inc., without permitting the cab owners any voice in their affairs, until March, 1940. At that time, the Cooperative Cab Company, Inc., was in arrears of the monthly deposits in the amount of $2,250, which amount had not been paid to the City. The cab owners raised this amount and deposited it with their bond to the City. This increased the deposit to a total of $8,050. Since that date, the cab owners have been operating the affairs of the company.
 

 The present suit was instituted April 3, 1940. Upon trial of the case in the Lower Court, after the plaintiff had produced all of its evidence, the Lower Court, on May T, 1940, gave judgment, maintaining the exception of no cause of action and denied the plea attacking the constitutionality of the ordinance. The plaintiff has appealed.
 

 Counsel for the plaintiff contends, that the Ordinance is discriminatory ond creates class legislation. Under the provisions of the Ordinance, all persons, firms and corporations, if they so desire, are entitled to its benefits. It operates uniformly upon all persons similarly 'situated. The City concedes that the plaintiff, if it so. desires, is entitled to the benefits of the Ordinance. It is also conceded that the plaintiff has made no effort to avail itself of the privileges granted by the Ordinance, and the City has at no time refused to grant to the plaintiff these privileges or benefits. Such being the case, the plaintiff, who has suffered no discrimination, cannot complain.
 

 Counsel for the plaintiff further contends that the Ordinance impairs the obligation of its contract with the City. The plaintiff merely has a license or permit to use the streets of the City in the operation of its business. No indeterminate permit or franchise was ever granted
 
 *535
 
 to it by the City. “A license is not a contract nor property in any constitutional sense.” 33 American Jurisprudence, Section 2, Page 325. In this case, the plaintiff was not denied the use of the streets in the conduction of its business.
 

 Counsel also contends that, even if the Ordinance is constitutional, the method of its enforcement is not uniform, and it is therefore discriminatory. This contention is based on the ground that permits to operate the cabs are granted to a corporation which, in turn, transfers them to the individual cab owners.
 

 The Ordinance, in addition to the provisions aforementioned, contains the following provision:
 

 “Such person or persons, firms or corporations owning such vehicles shall make a joint application and designate an agent or agents with full power and authority to act on all matters relative to said deposit.” The purpose for which the independent cab owners organized the Cooperative Cab Company, Inc., was to comply with this provision of the Ordinance, or in other words, to create an agency to represent all of its members with authority to act in all matters relative to the required deposits. At present, the individual cab owners are making payments of $3 per week to the Cooperative Cab Company, Inc., to be used in making the required deposits and in taking care of the incidental costs of the organization. The Cooperative Cab Company, Inc., made the joint application for the individual cab owners, as their agent, and the City issued permits to the individual members to operate taxi cabs.
 

 Under the facts in this case, there has been a compliance with the provisions of the Ordinance. The deposit was made by the agent of a group of cab owners, and the owners have jointly applied, through this agency, for the permit' to operate twenty-six or more cabs. At the time the suit was filed, all deposits required of them had been made.
 

 Counsel for the plaintiff contends that the defendant Cab Company, a non-trading corporation, is acting ultra vires and illegally operating a surety or insurance business. Only the State has a legal interest in preventing the usurpation and perversion of its permits, because it is a trustee of its powers, for uses strictly public. The plaintiff is not a stockholder in the defendant Cooperative Cab Company, Inc. The plaintiff has no interest in these questions and cannot raise them in order to create or protect a monopoly which the law does not give it. New Orleans, M. &. T. R. Co. v. Ellerman, 105 U.S. 166, 26 L.Ed. 1015.
 

 Having arrived at the conclusion that the Ordinance complained of is constitutional, and that there has been a compliance with its provisions, the plaintiff would not be entitled to an injunction herein.
 

 For the reasons assigned, the judgment of the Civil District Court for the Parish of Orleans is affirmed.